1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2      Including Professional Corporations
   PAUL S. COWIE, Cal. Bar No. 250131
3  379 Lytton Avenue
   Palo Alto, CA 94301
4  Telephone      650.815.2600
   Facsimile:     650.815.2601
5  E mail          pcowie@sheppardmullin.com

6  PATRICIA M. JENG, Cal. Bar No. 272262
   REANNE SWAFFORD-HARRIS, Cal. Bar No. 305558
7  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
8  Telephone:     415.434.9100
   Facsimile:     415.434.3947
9  E mail          pjeng@sheppardmullin.com
                   rswafford-Harris@sheppardmullin.com
10

11 Attorneys for Defendant,
   Swift Transportation Co. of Arizona, LLC
12 (erroneously sued herein as "Swift Transportation
   Company, Inc.")

13

14                UNITED STATES DISTRICT COURT

15               EASTERN DISTRICT OF CALIFORNIA

16

| 17 | DAN FROST, | Case No. 2:17-CV-01864-TLN-GGH |
|----|------------|--------------------------------|
| 18 | Plaintiff, | **STIPULATION FOR PRIVATE PROTECTIVE ORDER** |
| 19 | v. | |
| 20 | SWIFT TRANSPORTATION COMPANY, INC.; and, DOES 1-10, inclusive, | |
| 21 | | Judge:        Hon. Troy L. Nunley<br>Courtroom:     2 |
| 22 | Defendants. | |

23

24

25

26

27

28

**IT IS HEREBY STIPULATED,** pursuant to Federal Rule of Civil Procedure 26 and Local Rule 143, by and between the parties to the above-captioned action, Plaintiff Dan Frost ("Plaintiff" or "Frost") and Defendant Swift Transportation Co. of Arizona, LLC ("Defendant" or "Swift") (collectively, the "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the parties stipulate as follows:

1.      **Scope**.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      **Confidential Information**.  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential;  (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; or (h) any other information or documentation that the law otherwise protects from disclosure to the public.  Information or documents that are available to the public may not be designated as Confidential Information.

3.      **Designation.**

(a)      A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images,

duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)	The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this order.

4.	**Depositions**.

For testimony given in deposition or in other pretrial or trial proceedings, designation as Confidential Information requires that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may have up to 21 days from receipt of the full transcript (i.e. excluding rough transcripts) to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY") in a Notice of Designation.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

5.	**Protection of Confidential Material.**

(a) **General Protections**. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. For the avoidance of doubt, absent consent from the party that designated information Confidential under this Order, Confidential Information may not be used in any manner outside this litigation.

(b) **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all

exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Highly Confidential Information**. Nothing in this Order precludes the parties from agreeing that certain documents or information, referred to herein as "Highly Confidential Information," shall be given added protection. Highly Confidential Information is Confidential Information that the designating party in good faith believes would create a substantial risk of serious financial or other injury, if disclosed to another party or non-party, and that such risk cannot be avoided by less restrictive means. A party may designate information or documents as Highly Confidential by marking the documents in the same manner that Confidential Information is marked pursuant to paragraph 3(a) of this Order, except that the documents shall be marked "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Highly Confidential Information shall be treated identically to Confidential Information under the terms of this Order, with the exception that Highly Confidential may not be reviewed by "Parties," as that term is used and defined in paragraph 5(b)(2) of this Order.

(d) **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after the termination of the case.

6. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition

testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.  If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. **Unauthorized Disclosure of Protected Material**.  If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8. **Inadvertent Production of Privileged or Otherwise Protected Material**. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

7. **Filing of Confidential Information.**  The parties agree to redact Confidential Information contained in any materials filed in court and will, if necessary, present unredacted

copies of the confidential materials to the assigned judge for in camera review. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document under seal in connection with a motion, brief or other submission to the Court must comply with the applicable Federal Rules of Civil Procedure and the Local Rules of the United District Court for the Eastern District of California.

8. **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or

any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The

obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13. **Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14. **Obligations on Conclusion of Litigation**.

(a) **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation**. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) party elects to destroy the documents and certifies to the producing party that it has done so.

(c) **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

15.   **Order Subject to Modification**.  This Order shall be subject to modification only by the written agreement of the parties.

16.   **No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.   **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

18.   **Remedies for Breach**.  In addition to any remedy provided in law or equity, the parties shall be entitled to bring a motion, action or other appropriate proceeding to enjoin any breach of this Order, including but not limited to enjoin any breach of the non-use and non-disclosure obligations set forth in Paragraphs 5, 12 and 14 of this Order.  The prevailing party in any motion, action or other appropriate proceeding arising out of or relating to a breach of this Order shall be entitled to recover its reasonable attorneys' fees and costs.  For the avoidance of doubt, a party may also seek any damages resulting from another party's breach of this Order.

The stipulation may be executed in counterparts.

Dated: January 17, 2018

LAW OFFICE OF RICHARD J. MEECHAN


By      /s/ Benjamin Karpilow (as authorized on 1/17/18)
RICHARD J. MEECHAN
BENJAMIN K. KARPILOW
Attorneys for Plaintiff
Dan Frost

1 | Dated: January 23, 2018

2 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3 |

4 | By _____

5 | PAUL S. COWIE
PATRICIA M. JENG

6 | REANNE SWAFFORD-HARRIS
Attorneys for Defendant

7 | Swift Transportation Co. of Arizona, LLC
(erroneously sued herein as "Swift Transportation

8 | Company, Inc.")

9 |

10 |

11 | Pursuant to Stipulation, IT IS SO ORDERED.*

   *    With respect to paragraph 7, no document shall be filed under seal unless the party seeking to file under seal demonstrates good  cause for sealing for filing in non –dispositive matters and compelling reasons for filing under seal in dispositive matters.
   See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179-1180 (9th Cir. 2006)

12 |

13 | Dated: February 15, 2018
/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE
26

14 | 27

15 |

16 |

17 |

18 | SMRH:485142814.2

19 |

20 |

21 |

22 |

23 |

24 |

25 |

STIPULATION FOR PRIVATE PROTECTIVE ORDER

**ATTACHMENT A**

**ACKNOWLEDGMENT AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulation for Private

Protective Order dated _____ in the matter of Dan Frost v. Swift Transportation

Company, Inc., case no. 2:17-CV-01864-TLN-GGH (E.D. Cal.) and attached hereto, understands

the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction

of the United States District Court for the Eastern District of California in matters relating to the

Order and understands that the terms of the Order obligate him/her to use materials designated as

Confidential Information in accordance with the Order solely for the purposes of the above-

captioned action, and not to disclose any such Confidential Information to any other person, firm

or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in

penalties for contempt of court.

Name: _____

Job Title:

Employer:

Business Address

Date: _____                    _____
                                         Signature